OPINION — AG — (1) THE COUNTY ATTORNEY (DISTRICT ATTORNEY) IS ENTITLED TO ONE FOURTH OF HIS COLLECTIONS OF BONDS ORDERED FORFEITED PRIOR TO JANUARY 1, 1966, UPON WHICH FINAL JUDGEMENTS HAVE BEEN OBTAINED BUT HAVE NOT BEEN PAID. THIS IS FOR THE REASON THAT SUCH FORFEITURES WERE HAD BEFORE THE EFFECTIVE DATE OF THE NEW LAW AND THEREFORE THE JUDGEMENTS THEREON WERE OBTAINED THROUGH A SEPARATE ACTION ON THE BOND. (2) THE COUNTY ATTORNEY IS ENTITLED TO ONE FOURTH OF HIS COLLECTIONS OF BONDS WHERE WERE ORDERED FORFEITED PRIOR TO JANUARY 1, 1966, UPON WHICH SUITS HAVE BEEN FILED BUT HAVE NOT GONE TO FINAL JUDGEMENT. AGAIN, THIS IS FOR THE REASON THAT SUCH FORFEITURES WERE HAD BEFORE THE EFFECTIVE DATE OF THE NEW LAW AND ANY JUDGEMENTS WILL BE OBTAINED IN A SEPARATE ACTION ON THE BOND. (3) THE COUNTY ATTORNEY IS ENTITLED TO ONE FOURTH OF HIS COLLECTIONS OF BONDS WHICH WERE ORDERED FORFEITED PRIOR TO JANUARY 1, 1966, UPON WHICH SUITS HAVE NOT BEEN COMMENCED, BUT WHICH WILL BE COMMENCED IN THE NEAR FUTURE. THIS IS FOR THE REASON, AGAIN, THAT SUCH FORFEITURES WERE HAD BEFORE THE EFFECTIVE DATE OF THE NEW LAW AND A SEPARATE ACTION MUST BE BROUGHT ON THE BOND. (4) THE COUNTY ATTORNEY IS NOT ENTITLED TO ONE FOURTH OF COLLECTIONS ON BONDS WHICH WERE IN EFFECT PRIOR TO JANUARY 1, 1966, BUT WHICH WILL BE ORDERED FORFEITED AFTER JANUARY 1, 1966. THIS IS FOR THE REASON THAT ANY SUCH FORFEITURES WILL BE, OR SHOULD BE, ORDERED UNDER THE PROVISIONS OF THE NEW LAW AND ANY FINAL JUDGEMENT THEREON WILL BE HAD IN THE SAME CASES IN WHICH THE BONDS WERE EXECUTED AND FORFEITED. CITE: 19 O.S. 1961 186 [19-186], 59 O.S. 1965 Supp., 1332 [59-1332], OPINION NO. 65-475, ************* , 59 O.S. 1965 Supp., 1301 [59-1301] (CHARLES OWENS)